UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| GEOFF MCCALLA, | ) |
| | ) |
| Plaintiff, | ) Civil No. 5: 17-462-JMH |
| | ) |
| V. | ) |
| | ) |
| LT. J. REIS, et al., | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal inmate Geoff McCalla has filed a civil rights complaint pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 1] This matter is before the Court to screen the complaint as required by 28 U.S.C. § 1915A. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). The Court affords a pro se complaint a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

**I**

McCalla states that in mid-September 2016, fellow inmate Harold Williams returned from a period in the segregation unit only to find that his Bible was missing from his regular cell. When Williams asked McCalla what he should do, McCalla told him to find the receipt for his Bible and to file it along with an

inmate grievance and a formal tort claim against the officer he thought had confiscated it. Williams took McCalla's advice. [R. 1 at 13; R. 1-1 at 1-6]

But prison officials believed that McCalla's direction to Williams was part of a concerted effort by him to get numerous inmates to file administrative grievances against staff members on spurious grounds. On September 28, 2016, McCalla was placed in administrative segregation pending further investigation. [R. 1 at 13; R. 1-1 at 7, 10] Questioned by the Bureau of Prisons' internal affairs officer, Williams signed a written statement acknowledging that "[i]nmate McCalla has told me and other inmates to file BP-9's against unit officers in order to get personal property back and retaliation. All the while we are filing false BP-9's and getting into trouble for this."[1] On the basis of Williams' statement, as well as information provided by a confidential informant, on October 28, 2016 Lt. J. Reis issued an Incident Report charging McCalla with attempting to encourage a group demonstration, a Prohibited Action Code 212A offense. [R. 1 at 13; R. 1-1 at 8-9]

McCalla indicates that the Code 212A charge was dropped six weeks later on December 19, 2016. However, he was not

---

[1] McCalla has attached to his complaint a declaration by Williams which now disavows his earlier written statement and asserts that it was given under duress. [R. 1-1 at 5]

2

immediately returned to the general population. [R. 1 at 13] Unhappy that he was still confined in the segregation unit, sometime between December 25 and 28, 2016, McCalla requested a "whole stack" of inmate grievance forms. In correspondence with prison officials in January and February 2017, McCalla stated that he had wanted the stack of grievance forms "so that I could file on all the improper procedures and Constitutional / Civil rights violations that had occurred against me regarding my trip to/stay in the SHU." [R. 1-1 at 10-12] However, McCalla now asserts that he wanted to complain not only about the delay in his release from segregation, but also about every single claim that he currently asserts in his complaint. [R. 1 at 10-11]

In response to McCalla's request, Unit Manager Murphy refused to give him a "whole stack" of grievance forms, but agreed to give him one grievance form and stated that he could obtain one additional grievance form each day. [R. 1 at 11] On December 29, 2016, McCalla filed one grievance regarding his continued placement in segregation. This grievance was later denied as moot shortly after McCalla was released from segregation, and McCalla took no appeal from that denial. McCalla did not file any other grievances. [R. 1 at 11, 14; R. 1-1 at 10]

McCalla alleges that on December 29, 2016 he also handed Murphy an envelope addressed to this Court containing a notice

3

of appeal to be filed in *McCalla v. United States*, No. 5: 15-387-JMH (E.D. Ky. 2015). McCalla alleges that the Court did not receive his notice of appeal because Murphy threw it out instead of mailing it. McCalla was released from the segregation unit on January 3, 2017. [R. 1 at 11, 14; 18] The docket in the referenced case does not include a notice of appeal, nor any other correspondence from McCalla requesting information about the status of the appeal he now alleges he filed.

## II

McCalla's complaint asserts five claims. His first claim contends that Lt. Reis filed the Incident Report against him in October to retaliate for his advice to Williams to file a grievance the month before. [R. 1 at 14-15]

The Sixth Circuit has found that an inmate who provides legal assistance to other prisoners is engaging in activity protected by the First Amendment, but only if the other prisoner would be wholly unable to pursue legal relief without it. *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999)). Although McCalla includes only his own conclusory allegation to this effect in his complaint [R. 1 at 14], Williams himself gives no indication that he was entirely incapable of filing a grievance without McCalla's involvement in his four-page declaration. [R. 1-1 at 3-6]. McCalla therefore has failed to plead sufficient facts to

4

state a claim of retaliation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Hermansen v. Kentucky Dept. of Corr.*, 556 F. App'x 476 (6th Cir. 2014).

McCalla also failed to exhaust his administrative remedies with respect to this claim. The Court may dismiss a complaint upon initial screening where the failure to exhaust is apparent from the face of the complaint. *Shah v. Quintana*, No. 17-5053, 2017 WL 7000265, at *1 (6th Cir. July 17, 2017); *Barnett v. Laurel Co., Ky.*, No. 16-5658, 2017 WL 3402075, at *1 (6th Cir. Jan. 30, 2017). Exhaustion requires a prisoner to fully utilize the prison's inmate grievance system before filing suit regarding the conditions of his confinement. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). The BOP's Inmate Grievance System requires a federal prisoner to file a formal grievance with the warden within twenty days after the event complained of, and to file appeals to the Regional Office and then the Central Office if he is not satisfied with the response. 28 C.F.R. §§ 542.14(a), .15(a). Because "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ...", *Woodford v. Ngo*, 548 U.S. 81, 90 (2006), the prisoner must file the initial grievance and any appeals within these time frames.

Here, McCalla admits that he did not follow these steps, but argues that the BOP's administrative remedy process was entirely "unavailable" to him because on December 25, 2016 Officer Murphy would only agree to give him one grievance form per day instead of a "whole stack" at once. [R. 1 at 4, 10-11] Section 1997e(a) requires the grievance system be "available," but that means only that it must be "capable of use to obtain some relief for the action complained of." *Ross v. Blake*, __ U.S. __, 136 S. Ct. 1850, 1859 (2016) (quoting *Booth v. Churner*, 532 U.S. 731, 737 (2001)). A grievance process may not be "available" where, for example, (1) the procedure does not grant prison officials the authority to grant relief, or the procedure grants authority but officials always refuse to exercise it; (2) the procedure is so confusing, as written or in practice, that no reasonable prisoner can make sense of it; or (3) prison officials prevent inmates from filing grievances through intimidation or misrepresentation. *Ross*, 136 S. Ct. at 1859-60. In addition, a prisoner must make a meaningful effort to follow the grievance process before the asserted unavailability of the procedure becomes relevant. *Napier v. Laurel Cnty.*, 636 F.3d 218, 223-24 (6th Cir. 2011).

Murphy's action restricting McCalla to one grievance form per day placed only the slightest limitation upon his ability to file a grievance, and certainly did not render the grievance

process entirely "incapable of use" with respect to every one of his claims. In addition, McCalla indicates that he filed no further grievances even after he was released from segregation. These facts establish that the BOP's Inmate Grievance System was "available" to McCalla for his use. See *Arbuckle v. Bouchard*, 92 F. App'x 289, 291 (6th Cir. 2004) ("[Plaintiff]'s bald assertion that [the grievance coordinator] refused to give him grievance forms is not enough to excuse the complete absence of evidence that he attempted to exhaust his administrative remedies for the many claims he raised in his district court complaint.").

McCalla did file one grievance regarding his "continued placement in the SHU," but it is not clear if this grievance encompassed his retaliation claim. If it did, that grievance was denied on February 17, 2017, [R. 1-1 at 10], and McCalla indicates that he took no appeal from that denial. For each of these reasons, McCalla failed to exhaust his administrative remedies with respect to his first claim, and it must be dismissed.

McCalla's second claim asserts that he has a liberty interest in remaining in the general population; that an unidentified "Segregation Review Official" failed to review his placement in segregation after three days and to hold a hearing after seven and thirty days as required by regulation; and that the conditions of his confinement in segregation violated his

7

due process rights under the Fifth Amendment. McCalla alleges only that he suffered mental and emotional harm, not physical injury. [R. 1 at 15-18]

As a preliminary matter, McCalla asserts this claim only against the "Segregation Review Official," a person he has not identified by name. In short, he has failed to name a suable defendant, and the time within which to amend his complaint to do so has long passed. Fed. R. Civ. P. 15(c)(1)(C). Any amendment would therefore not "relate back" to the date of the complaint's filing in order to avoid a statute of limitations bar. *Brown v. Cuyahoga Co., Ohio*, 517 F. App'x 431, 433 (6th Cir. 2013); *Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012). The claim is thus also barred by the applicable one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Hornback v. Lexington-Fayette Urban Co. Gov't.*, 543 F. App'x 499, 501 (6th Cir. 2013); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003).

In addition, the events about which he complains occurred in September and October 2016, but he did not attempt to file any grievances until late December 2016, well past the 20 days permitted by regulation. 28 C.F.R § 542.14(a). This claim was therefore not timely and properly exhausted. *Cohron v. City of Louisville, Ky.*, 530 F. App'x 534, 536 (6th Cir. 2013); *Woodford*, 548 U.S. at 90.

McCalla's placement in segregation also did not violate his rights under the Due Process Clause. The Supreme Court long ago made clear that placement in administrative segregation is simply one of the "ordinary incidents of prison life" that a prisoner may experience during the course of his incarceration. It is only where the actions of prison officials impose "atypical and significant hardships" upon a prisoner that the Due Process Clause is implicated. *Sandin v. Conner*, 515 U.S. 472, 483–84 (1995).

Here, McCalla was held in administrative detention for approximately three months, during which time he had only limited access to the radio, recreation, exercise, commissary items, the law library, e-mail and phone calls. Applying *Sandin*'s broad principle to specific circumstances, courts have routinely found that periods of time far longer than McCalla spent in segregation here (and under similar or worse conditions) were insufficient to state a viable due process claim. Cf. *Williams v. Lindamood*, 526 F. App'x 559 (6th Cir. 2013) (placement in segregation with limited access to exercise, visitation, and communication for 19 months not an atypical and significant change in conditions of confinement); *Jones v. Baker*, 155 F.3d 810, 812–13 (6th Cir. 1998) (30 months in segregation during investigation of prisoner's involvement in riot did not deprive him of liberty interest without due

9

process); *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997) (14 months); *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010).

In his third claim, McCalla alleges that Officer Murphy discarded an envelope containing a notice of appeal to be filed in *McCalla v. United States*, No. 5: 15-387-JMH (E.D. Ky. 2015), conduct he contends interfered with his right under the First Amendment to access the courts. [R. 1 at 18-19] However, McCalla failed to exhaust this claim for all of the reasons stated above, as he admits that he did not file an inmate grievance with respect to it. Notably, McCalla would likely have discovered that his notice of appeal had not been filed at some point in January or February 2017, well *after* Murphy limited him to one grievance form per day for a period of time in December 2016. In short, no impediment existed to prevent McCalla from filing an inmate grievance with respect to this claim, and his failure to avail himself of the grievance process renders this claim unexhausted. *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999).

In addition, a plaintiff asserting a right-of-access claim must establish standing to sue by pointing to an actual injury flowing from the conduct alleged. That injury must be established by showing that the underlying claim was non-frivolous. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The

10

plaintiff need not prove that the claim would have been successful, only that it is "arguable," even if not yet established. *Brown v. Matauszak*, 415 F. App'x 608, 610 (6th Cir. 2011). But here, McCalla cannot make that showing because the underlying claim in his earlier case was dismissed with prejudice in April 2016, long before he filed suit here. The viability of the underlying claim having already been decided against him in the earlier case, any attempt to relitigate that issue here as an element of his access-to-courts claim is barred by collateral estoppel. Accord *Anderson v. City of Blue Ash*, 798 F.3d 338, 350 (6th Cir. 2015); *Requena v. Roberts*, 893 F. 3d 1195, 1209 (10th Cir. 2018).[2]

McCalla's fourth claim asserts that BOP Code 212, which prohibits an inmate from "[e]ngaging in or encouraging a group demonstration," 28 C.F.R. § 541.3 Table 1 (2010), violates the First Amendment as applied to him because it punishes constitutionally-protected speech, namely assisting other inmates with filing grievances. While the Code 212 disciplinary charge against McCalla was dropped, he states that he fears that

---

[2] McCalla's notice of appeal was not due until February 20, 2017. Fed. R. App. P. 4(a)(1)(B). If McCalla tendered his notice of appeal for mailing in late December 2016, due diligence required that he check on the status of it in the coming months. Had he done so and promptly learned that it had not been filed, up until March 22, 2017 he could have filed a request for a 30-day extension of time to file his notice of appeal upon a showing of mere excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A). This he did not do.

in the future prison officials will threaten him with disciplinary sanctions to deter him from assisting others. [R. 1 at 19-21]

This claim must be dismissed because McCalla lacks standing to assert it. Article III, Section 2 of the United States Constitution limits the jurisdiction of federal courts to the consideration of "Cases" and "Controversies." To satisfy this requirement, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). A claim may not be predicated upon speculation alone, as the federal courts cannot issue "an opinion advising what the law would be upon a hypothetical state of facts." *Aetna Life Insurance Co. v. Haworth*, 300 U.S. 227, 241 (1937).

In this case, McCalla posits that although the prior Code 212 charge against him was dropped, he might be prosecuted under that same provision based upon the same conduct in the future. This sort of speculation has long been held insufficient to satisfy the standing requirements of Article III. Cf. *Spencer v. Kemna*, 523 U.S. 1, 14-16 (1998); *Summers v. Earth Island Institute*, 555 U.S. 488, 493 (2009) (plaintiff must establish that threat of alleged future injury is "actual and imminent, not conjectural or hypothetical"). Where, as here, the

disciplinary charge was expunged or otherwise rendered moot, the case and controversy requirement is not satisfied, and the claim must be dismissed. *Mertins v. Maye*, No. 13-3001-RDR, 2015 WL 2365526, at *3-4 (D. Kan. May 18, 2015) (citing *Craft v. Jones*, 473 F. App'x 843, 845-46 (10th Cir. 2012)).

This claim is also subject to dismissal for failure to exhaust administrative remedies. 42 U.S.C. § 1997e(a). McCalla filed a single inmate grievance related to his placement in segregation in September 2016 and/or his continued detention in segregation after the disciplinary charge was dropped, and he took no appeal from the denial of that grievance. [R. 1 at 10-11; R. 1-1 at 10] McCalla did not fully complete the BOP's grievance process, and the grievance he did file related to a different subject matter than that which forms the basis for this claim. The claim must therefore be dismissed as unexhausted. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

Finally, the claim is without merit. While individuals retain some measure of their constitutional rights upon entering prison, in order to account for the need of prison officials to ensure safety and security within the prison walls, the scope of those rights is narrower than those enjoyed by free citizens. *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 125 (1977). Accordingly, courts have found that the

13

application of Code 212 does not impermissibly interfere with inmates' rights to free speech and association under the First Amendment. Cf. *Canty v. Booker*, No. 97-3435-RDR, 2000 WL 134455, at *3 (D. Kan. Jan. 27, 2000).

McCalla's fifth and final claim asserts that BOP Prohibited Action Codes 199, 299, 399, and 499 are void for vagueness and hence facially unconstitutional under the Fifth Amendment. The language of each of these provisions is nearly identical, prohibiting conduct "which disrupts or interferes with the security or orderly running of the institution" that is like, but not identical to, a more specific Prohibited Action Code. 28 C.F.R. § 541.3 Table 1 (2010). McCalla contends on the one hand that these rules do not give adequate notice of the conduct proscribed, but on the other that "all conduct is prohibited under those catch-all rules." [R. 1 at 20-22]

This claim is subject to dismissal for many of the same reasons set forth with respect to McCalla's fourth claim. McCalla undertook no effort to exhaust this claim as required by 42 U.S.C. § 1997e(a), [R. 1 at 10-11; R. 1-1 at 10], and hence this claim must be dismissed as unexhausted. *Lee v. Wiley*, 789 F. 3d 673, 677 (6th Cir. 2015). McCalla also does not allege that he was charged and convicted under any of these disciplinary codes, only that he might be in the future. This claim thus does not present an actual case or controversy over

which the Court may assume jurisdiction, *Summers*, 555 U.S. at 493; *Tracy v. Bragg*, No. EP-11-CV-252-PRM, 2011 WL 6002626, at *3 (W.D. Tex. Nov. 30, 2011), and must be dismissed.

Accordingly, **IT IS ORDERED** that:

1. McCalla's complaint [R. 1] is **DISMISSED**.

2. The Court will enter a judgment contemporaneously with this order.

3. This matter is **STRICKEN** from the active docket.

This the 21st day of August, 2018.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge